

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

04 SEP 21 AM 9: 31

CLERK-ALBUQUERQUE

PUYE LCC, *LLC* a New Mexico Limited
Liability Corporation.

        Plaintiff,

v.

WADE WEST, a Nevada resident and
WEST WING FINANCIAL  INC.,
a Nevada Corporation,

        Defendants.

**CIV - 0 4 - 1 0 7 0**

**DJS LFG**

## COMPLAINT FOR RACKETEERING

Plaintiff,  Puye LLC, a New Mexico Limited Liability Corporation. for its cause of action

against Defendants, Wade West, a Nevada resident,  and West Wing Financial Inc., a Nevada

corporation, alleges as follows:

### I. NATURE OF THE CASE

1.  This RICO action is brought to vindicate the rights of the Plaintiff who was deprived

of property and money as a result of Defendants' actions and omissions since 2001 to the

present.  The Defendants acts and omissions constitute an unlawful scheme to defraud, cheat,

steal and convert property and money belonging to Plaintiff through mail and wire fraud,

among other unlawful predictive acts.  The Defendants created this scheme in order to cheat

and steal the Plaintiff's money and to cover up the existence of the scheme.

2.   Through the implementation of this scheme. the Defendants conducted or participated in a pattern of racketeering activity consisting of mail fraud, wire fraud, transportation of stolen and converted money, and money laundering.   This enterprise consisted of the taking of Plaintiff's funds and diverting them to Defendants' own use, some portion of which they used for their own operations.

3.   Plaintiff seeks treble damages, costs, attorneys' fees, and equitable relief as may be appropriate, including dissolution of the racketeering enterprise, and equitable accounting, and disgorgement of Defendants' profits from the scheme.

## II. PARTIES

1.   Plaintiff, Puye LLC, is a New Mexico Limited Liability Corporation.

2.   Defendant. Wade West, is a Nevada resident.  Defendant, West Wing Financial Inc.. is a Nevada corporation qualified to do business in Nevada and actually doing business in the State of New Mexico and throughout the United States.

## III. JURISDICTION AND VENUE

1.   Plaintiff's federal claims for relief allege violations of the Racketeer Influenced and Corrupt Organization Act (RICO). 18 U.S.C. § 1961, et. seq.  This Court has jurisdiction over these claims pursuant to 18 U.S.C.  § 1964 (a)(c). 28 U.S.C.  § 1331, and 28 U.S.C. § 1337.

2.   Personal jurisdiction and venue in this district is proper pursuant to 18 U.S.C. § 1965 (a)(b) and 28 U.S.C. § 1391(b) because the Defendants are found, have an agent, and/or transact their affairs in this judicial district, and a substantial part of acts or omissions giving rise to the claims for relief occurred in this district.

## IV. NATURE OF THE CLAIMS

1. For at least the last three (3) years, and continuing to date. the Defendants engaged, and continue to engage, in a substantial scheme to defraud, to cheat, to steal, and to convert the property and the money of the Plaintiff and others in and outside of New Mexico.   The Defendants' scheme involved a "Ponzi" scheme wherein Defendants would, and did, take money from Plaintiff and others with the false promise to invest Plaintiff's funds and return a substantial rate of return on the funds while in reality Defendants were paying back investors' alleged profits with other monies taken from Plaintiff and others.   This scheme involved violations of federal law: wire fraud, mail fraud, and money laundering.   This RICO claim is based on their deliberate and unlawful misconduct.

2. For at least the last three (3) years, and continuing to date. Defendants conducted or participated, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity consisting of multiple, repeated and continuous acts of mail fraud, wire fraud, transportation of stolen or converted money, and money laundering. This racketeering enterprise was an association -in- fact consisting of marketing. false accounting, and theft of Plaintiff's funds and the payment of alleged profits utilizing the funds taken from Plaintiff and others.

3. The named Defendants are also enterprises.  These Defendants received income derived directly or indirectly from the aforementioned pattern of racketeering activity in which they have participated as principals, and used and invested, directly or indirectly, part of such income, or the proceeds of such income, in their own operations.

4.  On or about November 11. 2002, Defendants took six hundred thousand dollars ($600,000.00) from Puye LLC and purported to invest these funds in various banks and with an entity known as Europa International Inc.

5.  On December 11, 2002, Defendants took four hundred thousand dollars. ($400,000.00) from Puye LLC and purported to invest these funds with various banks and with an entity known as Europa International Inc.

6.  On January 1, 2003, Defendants took 1.4 million dollars from Puye LLC and purported to invest these funds with various banks and with an entity known as Europa International Inc.

7.  Defendants would return approximately thirty thousand dollars ($30,000.00) per month to Plaintiff as purported profits on the investments it had made.  In fact, Defendant Wade West, represented that the funds had been securely and safely invested and that the thirty thousand dollar check which he was returning to Puye LLC represented legitimate profits on its investments.

8.  Upon information and belief, none of the funds were ever invested but instead were converted to Defendants' use and Defendants were merely returning Puye LLC's own funds or the funds stolen from other defrauded investors.

9.  At all relevant times, Defendants existed as enterprises within the meaning of 18 U.S.C. § 1961(4).   Each of the enterprises is an individual or an entity.  The enterprises engaged in activities affecting interstate commerce.  West Wing Financial Inc. is a corporation. Defendants consisted of an association-in-fact enterprise.

10. At all relevant times, the purpose of the aforementioned enterprises was to steal profits by engaging in illegitimate activities in connection with the theft of the aforementioned monies. The illegitimate purpose of the aforementioned enterprises was to engage in fraud, theft and conversion of monies from the Plaintiff and others. The intended victims of this scheme were investors. Plaintiff and others were defrauded and cheated out of their money and property by Defendants. The victims lost their property and the proceeds to which they would have been entitled to in a lawful arms-length transaction. Defendants, through their scheme, realized for themselves the monies which they had stolen. The Defendants transported the money which they stole through interstate commerce by means of mail and wire fraud and by means of money laundering.

11. The aforementioned illegal enterprises were created at least as early as 2001 and continue to date. The enterprises may continue indefinitely into the future unless ended by this litigation.

12. Both Defendants acted with culpability throughout the existence of this enterprise and both continue to do so.

13. At all relevant times, Defendants engaged in a scheme to defraud and cheat Plaintiff regarding the true and legitimate value and purpose of the investments which they were supposedly making on behalf of the Plaintiff. The scheme to defraud involves fraudulent misrepresentation and/or omissions reasonably calculated to deceive persons of ordinary comprehension. This scheme to cheat was inconsistent with moral uprightness, fundamental honesty, fair play and right-dealing in the general and business life of members of society. In the execution and attempted execution of the scheme, Defendants used the United States' mail

in violation of 18 U.S.C. § 2 and 1341.  They would do so by on occasion mailing promissory notes, checks and other instruments through the United States' mail to Plaintiff and to various banks, lawyers and financial institutions throughout the United States.

14.  Defendants, throughout their course of dealing with Plaintiff made payments to them based upon their false representations regarding the value of the investments and the return thereon.  They transferred money both to and from Plaintiff to various individuals and entities throughout the United States and transferred these sums across state lines by means wire transfers.  They also utilized telephones, both land lines and cellular lines, and computers, including e-mail, to carry out their enterprise.  Such communications were multiple and constituted interstate transmissions by wire in violation of 18 U.S.C. § 2 and 1343.

## V. CLAIMS FOR RELIEF.

1.  Plaintiff repeats all of the allegations contained in all of the proceeding paragraphs as fully set forth herein.

2.  Plaintiff is a person within the meaning of 18 U.S.C. § 1961(3) and 1964(c).

3.  Each of the Defendants is a person within the meaning of 18 U.S.C. § 1961(3) and 1962(c).

4.  Defendants constitute an enterprise within the meaning of 18 U.S.C. § 1961(4) and 1962(c), which enterprise is and was engaged in activities affecting interstate commerce at all relevant times.

5.  Each of the named Defendants was associated with the enterprise and conducted and participated, directly or indirectly, in the conduct of the affairs of the enterprise in

relationship to the Plaintiff through a pattern of racketeering activities within the meaning of 18

U. S.C. § 1961(1)(B), 1961(5) and 1962(c), to wit:

>   (a)  Multiple, repeated and continuous instances of mail fraud in violation of 18 U.S.C. § 2 and 1341;
>
>   (b) Multiple, repeated and continuous instances of wire fraud in violation of 18 U.S.C. § 2 and 1343;
>
>   (c) Multiple, repeated and continuous instances of interstate transportation of stolen and converted money or property in violation of 18 U.S.C. § 2 and 2314.

6.  Plaintiff suffered injury to its business and property within the meaning of 18 U.S.C. § 1964 (c) by virtue of the violation of 18 U.S.C. § 1964(c) committed by the named Defendants.

7.  Defendants violated 18 U.S.C. § 1962(b) by conspiracy to violate 18 U.S.C. § 1962(c).

### VI. JURY DEMAND

1.  Plaintiff demands a trial by jury of any and all issues so trial able.

WHEREFORE, Plaintiff asks that judgment be entered against each Defendant, jointly and severally, for treble damages sustained by Plaintiff, including, but not limited to, the costs of this suit and reasonable attorneys' fees, pursuant to 18 U.S.C. § 1964(c), and for pre- and post- judgment interest.  Plaintiff also asks for equitable relief in accordance with 18 U.S.C. § 1964(a), including divestiture of any monies held by Defendants, dissolution of the enterprises described herein, direction of an equitable accounting for all monies, consideration and profits received and stolen by any of the Defendants, including the voiding of unlawful transfers and the disgorgement of all ill-gotten gains and profits, and the imposition of reasonable restrictions

7

on the future activities or investments of the Defendants, and restrictions of future conduct and

activities of the Defendants.   Plaintiff also asks for such other and further relief as the Court

deems just and proper.

Respectfully submitted,

KENNEDY & HAN, P.C.


PAUL J. KENNEDY
Attorney for Plaintiff
201 12th Street, NW
Albuquerque, New Mexico  87102
(505) 842-8662